**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ADIEL ERNESTO VEGA HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *et al.*,<br><br>Respondents. | C.A. No. 1:26-cv-00657-MSM-PAS |

## ORDER

Before the Court are the Respondents' Motion to Transfer this habeas case to the Western District of Louisiana (ECF No. 4) and the Petitioner, Adiel Ernesto Vega Hernandez's, Emergency Motion to Transfer Petitioner Back to Rhode Island (ECF No. 7). The Court concludes that it has jurisdiction over the Petition for Writ of Habeas Corpus (ECF No. 1) and that the Petitioner should be returned to this District while it is adjudicated.

U.S. Immigration and Customs Enforcement ("ICE") arrested the Petitioner in Massachusetts on or about September 6, 2026, and held him at the Wyatt Detention Facility. (ECF No. 1 ¶¶ 18, 21.) His immigration counsel visited him there on September 11 and identified herself as his attorney to ICE and Wyatt staff. (ECF No. 7-1 at 3-4.) On September 17, the Petitioner departed Hanscom Field on an ICE flight at 11:11 a.m. and landed in Alexandria, Louisiana, at 1:15 p.m. (ECF No. 4 ¶ 6.) At approximately 10:00 p.m. that night, ICE's Online Detainee Locator System still

listed his location as Wyatt. (ECF No. 7-1 at 4.) The Petition was filed at 6:26 a.m. on September 18. (ECF No. 1.) Counsel received no notice of the transfer and first learned that the Petitioner was at the Pine Prairie ICE Processing Center form the locator at approximately 4:00 p.m. on September 18. (ECF No. 7-1 at 4.) According to the Respondents, the locator reflects a transfer only after the detainee has been processed into the new facility. (ECF No. 4 ¶ 4.)

Jurisdiction over a habeas petition challenging present physical confinement ordinarily lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). But when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18; *see also Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). In those circumstances, jurisdiction lies in the petitioner's last-known location, judged by what counsel could have known at filing. *Suri v. Trump*, 184 F.4th 260, 277–78 & n.11 (4th Cir. 2026); *Kariuki v. Nessinger*, No. 1:26-cv-00674-MSM-AEM, 2026 WL 2883548 (D.R.I. Sept. 25, 2026); *Gavarete Ramirez v. Nessinger*, No. 1:26-cv-00259-MRD-AEM (D.R.I. May 14, 2026).

That exception applies here. When the Petition was filed, the only information available to counsel, including ICE's own locator, placed the Petitioner at Wyatt. The Respondents do not contend that the Petitioner's counsel could have learned where he was, and they have not identified his immediate custodian at that time. That the Petitioner had already landed in Louisiana does not change the result, because the inquiry turns on what counsel could have known, not on where the Petitioner actually

was. *See Suri*, 184 F.4th at 272, 277 & n.11 (applying the exception where the petition was filed after the petitioner had landed in Louisiana).

The Court may order the Petitioner's return to facilitate its adjudication of the Petition. *See Ozturk v. Hyde*, 136 F.4th 382, 394–95, 402–03 (2d Cir. 2025); 28 U.S.C. §§ 1651(a), 2243. Accordingly, the Court DENIES the Respondents' Motion to Transfer (ECF No. 4) and GRANTS the Petitioner's Emergency Motion (ECF No. 7). The Respondents are ORDERED to return the Petitioner to ICE custody within the District of Rhode Island no later than October 15, 2026, and to file a notice confirming his location within one (1) day of his return. Pending further Order of this Court, the Respondents shall not remove the Petitioner from the United States or transfer him to any location other than this District. The Court does not reach the merits of the Petition, and the Respondents' response shall be due by October 15, 2026.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

October 8, 2026